[No. 46793–5. En Banc. August 6, 1981.]

*In the Matter of the Personal Restraint of* ISAM TAYLOR, *Petitioner.*

*Isam Taylor,* pro se, and *John Midgley* and *Steve Scott* of *Institutional Legal Services,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Douglas B. Whalley, James E. Lobsenz,* and *Robert S. Lasnik, Deputies,* for respondent.

WILLIAMS, J.—Petitioner Isam Taylor brings a personal restraint petition attacking his conviction for assault in the second degree while armed with a deadly weapon. He alleges that a jury instruction found unconstitutional after his conviction became final impaired his right to a fair trial. Alternatively, he argues that, even if his conviction is upheld against attack, the deadly weapon and firearm special verdict instruction was likewise constitutionally defective, and his enhanced sentence must therefore be reduced. For the reasons discussed below, we deny the petition.

At trial, the jury was instructed in part as follows:

> The court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts. . . .

Instruction No. 6. Defense counsel objected generally to the instruction, saying that "[i]ntent has never been an issue in

this case." Report of Proceedings, at 101.

The jury was instructed that before it could reach a guilty verdict it must find that the State had proved, among other things,

> (2) That in the commission of this assault the defendant *either*
> (a) knowingly used a weapon or thing likely to produce bodily harm; *or*
> (b) knowingly inflicted grievous bodily harm upon the person of [the victim];

Instruction No. 3.

Finally, the jury received the following deadly weapon and firearm instructions:

> "Deadly weapon" means any weapon which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or serious bodily injury.

Instruction No. 7. Instruction No. 11 was the special verdict on deadly weapon and firearm.

On appeal, petitioner raised no objections to any instructions (although he raised other issues), and his conviction was affirmed in an unpublished opinion by the Court of Appeals. *State v. Taylor,* 21 Wn. App. 1031 (1978), *review denied,* 92 Wn.2d 1012 (1979).

Petitioner now notes that since his conviction has become final, instruction No. 6 has been rendered unconstitutional by the decisions in *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), and *State v. Caldwell,* 94 Wn.2d 614, 618 P.2d 508 (1980), and he asks us to apply these cases retroactively. *See* RAP 16.4(c)(4). As a threshold matter, however, we do not engage in retroactivity analysis until a petitioner has shown that any alleged change in the law is *material to the conviction.* RAP 16.4(c)(4). *See Hankerson v. North Carolina,* 432 U.S. 233, 244 n.8, 53 L. Ed. 2d 306, 97 S. Ct. 2339 (1977). Petitioner cannot make such a showing in the circumstances of this case.

Intent is not an element of the crime of assault in the

second degree when either (a) a weapon is used or (b) grievous bodily harm results. RCW 9A.36.020. Rather, the required mental state is "knowingly" inflicting harm or "knowingly" assaulting another with a weapon or thing likely to produce bodily harm. RCW 9A.36.020(b), (c). The jury was instructed that it must find assault either committed *knowingly* with "a weapon or thing likely to produce bodily harm" or *knowingly* "inflicted grievous bodily harm" upon the victim. Instruction No. 3. "Knowingly" was defined in instruction No. 4 as follows:

> A person knows or acts knowingly or with knowledge when he is aware of a fact, facts, or circumstances or result described by a statute defining an offense.

Thus, the court adequately instructed the jury on the knowledge element of the offense, and nothing in the remainder of the instructions relieved the State of the burden of proving an element of the crime. At worst, instruction No. 6 was superfluous. Accordingly, we find it irrelevant to inquire whether there has been a change in the law which should be applied retroactively, since petitioner cannot show that a change, if any, *materially* affected his conviction. RAP 16.4(c)(4).

Petitioner additionally argues, however, that instruction No. 11, the special verdict instruction, was constitutionally defective under our decision in *State v. Tongate,* 93 Wn.2d 751, 613 P.2d 121 (1980), that his enhanced sentence is thus invalid, and that he must therefore be resentenced. We disagree.

██ Petitioner makes no argument that a firearm was not used in the crime. Indeed, petitioner did not dispute this fact at trial, contending instead that he was not the person who committed the offense with a firearm. Moreover, it is an undisputed fact that the victim suffered a chest wound from a bullet. In *State v. Hall,* 95 Wn.2d 536, 627 P.2d 101 (1981), and *State v. Claborn,* 95 Wn.2d 629, 628 P.2d 467 (1981), we were faced with factual circumstances virtually identical to those before us in this case. In both cases, there was no question that both (1) a firearm

944

had been used in the commission of the offense and (2) a victim had been actually wounded by gunfire. In *Hall,* at page 541, we said:

> With these facts before us, we have no hesitancy in holding that the jury could have reached no result other than that beyond a reasonable doubt the assault occurred by means of a deadly weapon and a firearm.

We concluded that any constitutional error was accordingly harmless beyond a reasonable doubt. *Hall,* at 540; *Claborn,* at 633. Those cases are dispositive of petitioner's claim of error with regard to the special firearm and deadly weapon verdict.

The petition is denied.

BRACHTENBACH, C.J., ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, and DIMMICK, JJ., and HUNTER, J. Pro Tem., concur.

Reconsideration denied October 9, 1981.