[No. 50077–1.   En Banc.   May 3, 1984.]

*In the Matter of the Personal Restraint of*
JOHN G. HAVERTY, *Petitioner.*

*Gene M. Grantham,* for petitioner.

*Norm Maleng, Prosecuting Attorney, J. Robin Hunt, Senior Deputy, Robert Weppner, Special Deputy,* and *Deborah J. Phillips, Deputy,* for respondent.

PEARSON, J.—Petitioner John G. Haverty challenges the constitutionality of jury instructions used in his convictions of burglary and attempted burglary in 1977 and 1975. He claims that the challenged instructions are unconstitutional under *Sandstrom v. Montana,* 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), and that *Sandstrom* should be

applied retroactively to his trials. As petitioner is unable to show actual and substantial prejudice resulting from the use of the instructions, however, his petition is denied.

I

On August 15, 1975, petitioner was convicted in King County Superior Court of attempted burglary in the second degree, former RCW 9.19.020. Witnesses testified to seeing petitioner break out a window to a clothing store in the University District in Seattle at about 1:25 in the morning. The window petitioner broke out was the one nearest the door handle, and one of only two windows in the shop without an alarm system. After breaking the window with a pool cue petitioner, wearing gloves, was seen reaching inside as though to open the door. When the door would not open, petitioner left. He was apprehended shortly thereafter a couple of blocks away from the store and identified by witnesses.

At trial, defense counsel excepted, unsuccessfully, to the following instruction:

Every person who, with intent to commit some crime therein, shall break and enter any building, or part thereof, not being lawfully owned or occupied by said person, wherein any property is kept for use, sale or deposit, shall be guilty of burglary in the second degree.

Every person who shall unlawfully break and enter any such building shall be deemed to have broken and entered the same with intent to commit a crime therein, unless such unlawful breaking and entering shall be explained by testimony satisfactory to the jury to have been made without criminal intent.

The word "building" shall include every house, shed, boat, watercraft, railway car, tent or booth, whether completed or not, suitable for affording shelter for any human being, or as a place where any property is or shall be kept for use, sale or deposit.

On appeal, appointed counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967) attacking the instruction as improperly shifting the burden of proof as to the element of intent to

defendant, but noting that this court had specifically approved the instruction. *See State v. Bishop,* 90 Wn.2d 185, 580 P.2d 259 (1978). The Court of Appeals affirmed petitioner's conviction in an unpublished opinion filed November 15, 1976.

On October 5, 1977, petitioner was convicted in King County Superior Court of burglary in the second degree. Petitioner had been arrested outside of a burglarized apartment in possession of property belonging to the tenant. Petitioner attempted at trial to prove that he was too intoxicated at the time to formulate the requisite intent for burglary. Arresting officers disputed petitioner's theory.

Petitioner's trial counsel objected to the following instruction:

> The court instructs the jury that the law presumes that every man intends the natural and probable consequences of his own acts. It is not necessary to establish intent by direct and positive evidence but intent may be established by inference and in the same way as any other fact by taking into consideration the acts of the parties and all the facts and circumstances of the case.

The instruction was not challenged on direct appeal. On March 12, 1979, petitioner's conviction was affirmed by the Court of Appeals.

In April of 1979, Haverty filed a personal restraint petition in the Court of Appeals. (That petition came before this court in *In re Haverty,* 94 Wn.2d 621, 618 P.2d 1011 (1980).) The petition dealt primarily with an allegedly wrongful parole revocation; the constitutionality of the instructions used in Haverty's trials was not challenged.

In June of 1979 the United States Supreme Court decided *Sandstrom v. Montana, supra,* holding an instruction nearly identical to that used in Haverty's 1977 burglary conviction unconstitutional. Sixteen months later, in *State v. Caldwell,* 94 Wn.2d 614, 618 P.2d 508 (1980), this court relied on *Sandstrom* to hold an instruction identical to that used in petitioner's 1977 burglary conviction unconstitutional. Finally, in *State v. Johnson,* 100 Wn.2d 607,

674 P.2d 145 (1983), an instruction very similar to that used in petitioner's 1975 attempted burglary conviction was held unconstitutional. Petitioner now contends, in his present petition, that these decisions should be applied retroactively to his two convictions, and that those convictions should be overturned.

## II

The first issue we address is whether Haverty's petition is properly before this court. The State contends that Haverty's failure to raise his *Sandstrom* arguments in his prior petition (heard by this court in 1980) precludes him from raising those arguments now. The State relies for this proposition on RAP 16.4(d), which states, in pertinent part: "No more than one petition for similar relief on behalf of the same petitioner will be entertained without good cause shown." The State argues that petitioner is unable to show "good cause" for his failure to challenge the constitutionality of the above instructions in his first personal restraint petition. *See Engle v. Isaac,* 456 U.S. 107, 71 L. Ed. 2d 783, 102 S. Ct. 1558 (1982). The State points out that Haverty's first petition came before this court more than a year after *Sandstrom* was decided; thus, the arguments made by petitioner in the instant case could have been made in his first petition. Indeed, *State v. Caldwell, supra,* in which this court expressly followed *Sandstrom,* was decided the same day as was Haverty's first petition.

A showing of "good cause" is required under RAP 16.4(d), however, only if a petition is brought for relief which is "similar" to that sought in a prior petition. We must, then, define the phrase "similar relief".

In *In re Haynes,* 95 Wn.2d 648, 628 P.2d 809 (1981), this court, in discussing the phrase "similar relief" as used in RAP 16.4(d), stated: "The relief petitioner now seeks is a new trial. The relief sought in the previous personal restraint petition was vacation of the conviction or a new trial. They are relief from restraint, and are similar." 95 Wn.2d at 652 n.1. Thus, the *Haynes* court, recognizing a

strong policy interest in finality of litigation, construed RAP 16.4(d) as focusing on the type of relief sought rather than the grounds for that relief.

Petitioner correctly points out that *Haynes* was overruled in part by *In re Hews,* 99 Wn.2d 80, 93, 660 P.2d 263 (1983). *Hews* did not, however, deal with the construction of RAP 16.4(d). *Hews* overruled that portion of *Haynes* which held that a petitioner could not raise grave constitutional errors not raised on appeal. Thus, the question now arises whether the *Haynes* construction of RAP 16.4(d) is still good law.

██ The rule enunciated in *Haynes* with respect to the meaning of "similar relief" was based primarily upon considerations of judicial economy and finality of litigation. *See Haynes,* 95 Wn.2d at 652–54. In *Hews,* however, we recognized that interests in finality and economy are outweighed by constitutional error which actually prejudices the petitioner. *See Hews,* 99 Wn.2d at 86. This is especially true where, as here, the error impacts the trial's truth–finding function. In such cases, then, we find the *Haynes* construction of RAP 16.4(d) to be unsatisfactory.

A more satisfactory approach to the problem was taken by the Supreme Court in *Sanders v. United States,* 373 U.S. 1, 10 L. Ed. 2d 148, 83 S. Ct. 1068 (1963). In that case, the Court construed 28 U.S.C. § 2255 (a statute providing a motion procedure for vacating sentences), a provision with language very similar to that found in RAP 16.4(d). Under section 2255, as under RAP 16.4(d), it is enough, in order to invoke the court's discretion to decline to reach the merits, that the prisoner is seeking "similar relief" for a second time.

The *Sanders* Court acknowledged that this language might seem to empower the sentencing court to apply res judicata virtually at will, since even if a second motion is predicated on a completely different ground from the first, the prisoner ordinarily will be seeking the same "relief". The Court held, however, that this language could not be taken literally because to do so would be an unconstitu-

tional suspension of the writ of habeas corpus. Rather, the Court concluded that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined.

The Court concluded that under this language there were only two limited instances in which successive petitions could be dismissed: (1) where the prior application had been denied on "grounds previously heard and determined"; or (2) "if there has been an abuse of the writ or motion remedy". *Sanders*, at 15, 17. For the issue to have been previously heard and determined, it must be found that:

(1) [T]he same ground presented in the subsequent application was determined adversely to the applicant on the prior application, (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application.

*Sanders*, 373 U.S. at 15. Thus, *Sanders* construes the phrase "similar relief" as focusing on the grounds for the relief rather than the type of relief sought.

We find the *Sanders* construction of the phrase "similar relief" to be more consistent with the rationale of *In re Hews, supra*, than is the *Haynes* construction of the same phrase, at least with respect to personal restraint petitions which allege prejudicial constitutional error affecting the trial's truth–finding function. *In re Haynes, supra*, is therefore overruled insofar as it is inconsistent with this opinion.[1]

Haverty's petition alleges prejudicial constitutional error which affects the truth–finding function of the trial. The issues raised in the instant petition were not raised in Haverty's prior petition. Thus, the instant petition is not

---

[1] We need not decide today whether the *Haynes* interpretation of RAP 16.4(d) is valid with respect to petitions which do not allege prejudicial constitutional error affecting the truth–finding function.

barred by RAP 16.4(d); no showing of "good cause" is required. The petition is properly before us.

### III

■ The mere fact that petitioner has cleared the procedural hurdle of RAP 16.4(d) does not, of course, entitle him to relief. Before this court grants a personal restraint petition, the petitioner must prove that the constitutional errors worked to his "actual and substantial prejudice." *In re Lile*, 100 Wn.2d 224, 225, 668 P.2d 581 (1983); *In re Hagler*, 97 Wn.2d 818, 650 P.2d 1103 (1982). *See also In re Taylor*, 95 Wn.2d 940, 632 P.2d 56 (1981). "As a threshold matter, . . . we do not engage in retroactivity analysis until a petitioner has shown that any alleged change in the law is *material to the conviction*. RAP 16.4(c)(4)." 95 Wn.2d at 942. Assuming that the instructions at issue here do violate *Sandstrom v. Montana*, 442 U.S. 510, 61 L. Ed. 2d 39, 99 S. Ct. 2450 (1979), *State v. Caldwell*, 94 Wn.2d 614, 618 P.2d 508 (1980), and *State v. Johnson*, 100 Wn.2d 607, 674 P.2d 145 (1983), the question then becomes whether petitioner is able to show that, more likely than not, he was actually and substantially prejudiced by the instructions. *Hagler*, 97 Wn.2d at 826.

Petitioner contends that he has made such a showing. He relies on *Connecticut v. Johnson*, 460 U.S. 73, 74 L. Ed. 2d 823, 103 S. Ct. 969 (1983), wherein a plurality of four Justices held that an instruction given in violation of *Sandstrom* cannot be considered harmless except in certain "rare situations". 460 U.S. at 85–87. The Court affirmed a Connecticut Supreme Court decision declining to find harmless error in a *direct appeal* challenging the use of a *Sandstrom* instruction. Petitioner's argument is misconceived. While it is well established that on direct appeal improper instructions are presumed to be prejudicial, such a presumption is not appropriate to collateral review by way of personal restraint petition. *In re Hagler*, 97 Wn.2d at 823. Personal restraint petitions are not a substitute for appeals.

> On direct appeal, the burden is on the State to establish beyond reasonable doubt that any error of constitutional dimensions is harmless. . . . On collateral review, we shift the burden to the petitioner to establish that the error was not harmless[.]

*In re Hagler,* 97 Wn.2d at 825–26.

With respect to the 1975 attempted burglary conviction, it does not appear that petitioner was prejudiced by the giving of the challenged instruction. The record shows that the issue of intent was not contested at trial; the defense focused on the issue of identification. Petitioner was seen while breaking a shop door and window with a pool cue and trying to open the door. No evidence was offered from which the jury could have concluded that petitioner was unable to form the requisite intent for attempted burglary. No evidence was offered to suggest that petitioner was attempting to do anything other than break into the shop for the purpose of committing a crime therein.

Petitioner argues that the instruction had the effect of an unconstitutional conclusive or mandatory presumption because no evidence was offered to rebut the presumption. *See State v. Johnson,* 100 Wn.2d at 617. The fact remains, however, that a mere showing of error is not enough in personal restraint proceedings. Petitioner must show that, "more likely than not, he was actually prejudiced by the claimed error." *Hews,* 99 Wn.2d at 89. He has not done so.

Petitioner has also failed to show that he was prejudiced by the use of the *Sandstrom* instruction in his 1977 burglary conviction. In addition to the challenged instruction, the jury was told to "consider the instructions as a whole" and not to "place undue emphasis on any particular instruction or part thereof." The instructions as a whole made it clear that the State had to prove every element of the crime, including intent, beyond a reasonable doubt. The jury was told that "the law presumes a defendant to be innocent", that this presumption is "substantial", and that it "continues throughout the entire trial and until you have found that this presumption has been overcome by the evi-

dence beyond a reasonable doubt." More importantly, the instructions made it clear that the presumption of intent was inapplicable if the jury found that defendant was intoxicated. (Petitioner attempted to negate the element of intent at trial by showing that he was suffering from an alcohol–Antabuse reaction at the time of the crime.) Instruction 7 stated, in pertinent part:

> [W]henever the actual existence of any particular purpose, motive or intent is a necessary element to constitute a particular species or degree of crime, the fact of [a person's] intoxication may be taken into consideration in determining such purpose, motive or intent. If a person is intoxicated to such a degree that he is not capable of forming a specific intent to commit a crime, he cannot be guilty of any crime of which a specific intent is a necessary element.

Thus, instruction 7 made it clear that the jury could not convict petitioner of burglary if it believed petitioner's evidence to the effect that he was too intoxicated to form the requisite intent. The fact that petitioner was convicted indicates that the jury did not believe his intoxication theory. It is unlikely, then, that the challenged instruction prejudiced petitioner. This is a personal restraint petition, not an appeal. "The burden of proving *actual* prejudice rests with the petitioner. *Possible* prejudice will not be sufficient." *In re Hews*, 99 Wn.2d at 93.

Petitioner's failure to meet the threshold burden of showing actual and substantial prejudice arising from the use of the challenged instructions makes it unnecessary for us to address the issue of whether *Sandstrom v. Montana, supra; State v. Caldwell, supra;* and *State v. Johnson, supra,* should be applied retroactively to his convictions. *See In re Taylor*, 95 Wn.2d at 942.

The petition is dismissed due to the absence of actual and substantial prejudice to petitioner resulting from the

use of the challenged instructions.

WILLIAMS, C.J., and ROSELLINI, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, DORE, and DIMMICK, JJ., concur.

Reconsideration denied June 18, 1984.