IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34437-1-III |
| | ) | (consolidated with |
| Respondent, | ) | No. 34099-6-III) |
| | ) | |
| v. | ) | |
| | ) | |
| GABRIEL ARREDONDO SANDOVAL, | ) | |
| | ) | |
| Appellant. | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| In the Matter of the Personal Restraint of | ) | |
| | ) | |
| GABRIEL ARREDONDO SANDOVAL, | ) | |
| | ) | |
| Petitioner. | ) | |

PENNELL, J. — Gabriel Arredondo Sandoval appeals his convictions for first degree robbery, first degree unlawful possession of a firearm, and possession of a short-barreled shotgun or rifle. He argues the State's evidence was insufficient to support the jury's guilty verdict. He has also filed a timely personal restraint petition (PRP), arguing instructional error at trial. We reject Mr. Sandoval's challenges and affirm his convictions.

FACTS

As explained at trial, Mr. Sandoval's offense-related conduct began when the victim gave him a ride home from a casino.[1] Mr. Sandoval sat in the front passenger seat of the victim's car during the drive. Once the car neared his house, Mr. Sandoval asked the victim if he could get some help jump-starting a car. The victim declined. This apparently angered Mr. Sandoval, who then pulled the car keys from the ignition and brandished a short-barreled shotgun, pointing the gun at the victim. Mr. Sandoval told the victim he had messed up and threatened to shoot. When the victim tried to apologize, Mr. Sandoval forced the victim to exit the vehicle and struck him in the face with the firearm. After some words were exchanged, a physical struggle ensued between the two men.[2]

The altercation between Mr. Sandoval and victim lasted approximately 20 minutes. Mr. Sandoval finally left the scene by driving away in the victim's car.

Law enforcement recovered the shotgun from the scene of the altercation. DNA[3] testing was inconclusive.

---

[1] Because Mr. Sandoval has raised a sufficiency challenge, we construe the evidence in the light most favorable to the State. *State v. Kintz*, 169 Wn.2d 537, 551, 238 P.3d 470 (2010).

[2] A third man was in the car during the ride home and the initial confrontation. The man snuck out of the car and was not involved in the altercation. He instead called 911.

[3] Deoxyribonucleic acid.

ANALYSIS

Mr. Sandoval first challenges his conviction for first degree robbery. Under

RCW 9A.56.190, a person commits robbery when he or she takes property from the

person of another by the use or threatened use of force. The charge against Mr. Sandoval

was that he had committed robbery by forcefully taking the victim's car.

On appeal, Mr. Sandoval argues he did not commit robbery because he did not

acquire the car through force or threatened force. Mr. Sandoval points out that he took

the victim's car keys prior to issuing any threats or engaging in any assaultive conduct.

Mr. Sandoval's arguments misapprehend the crime of robbery. Robbery does not

require force be used at the outset of a defendant's unlawful acquisition of property.

Instead, the elements are satisfied so long as the defendant used force to retain possession

of property, resist apprehension, or facilitate escape. *State v. Handburgh*, 119 Wn.2d

284, 292, 830 P.2d 641 (1992); *State v. Manchester*, 57 Wn. App. 765, 769-70, 790 P.2d

217 (1990). The evidence of Mr. Sandoval's prolonged assaultive conduct readily met

this standard.[4]

Mr. Sandoval next argues there was insufficient evidence to show he possessed the

short-barreled shotgun because the gun was too large for him to have secreted it in his

---

[4] Mr. Sandoval claims it was improbable that he could have fought the victim for 20 minutes. This is a credulity argument that has no force in the current context.

clothing. According to Mr. Sandoval, the only possible explanation for the gun's presence in the victim's car is that it had been there prior to his ride home from the casino.

Mr. Sandoval's arguments go to the weight of the State's evidence, not sufficiency. Two witnesses testified Mr. Sandoval pulled the shotgun out during his assault of the victim. Mr. Sandoval was wearing baggy work clothes, similar to a mechanic's outfit. It was not impossible for him to have hidden the gun on his person. We defer to the jury's determination that Mr. Sandoval was responsible for the gun's presence.

In his PRP, Mr. Sandoval appears to argue the trial court issued inadequate jury instructions on the crime of robbery. The record suggests the genesis for Mr. Sandoval's argument is Division Two's decision in *State v. Richie*, 191 Wn. App. 916, 922-24, 365 P.3d 770 (2015). *Richie* held the crime of robbery carries an essential nonstatutory element that the victim had an ownership, representative or possessory interest in the property taken by the defendant. *Richie* was issued shortly after Mr. Sandoval's trial and the jury was not instructed pursuant to the holding in *Richie*.

Mr. Sandoval has not established a basis for relief under *Richie*.[5] The uncontested trial evidence overwhelming demonstrated the car taken by Mr. Sandoval belonged to the

---

[5] We therefore need not address whether we agree with *Richie*'s legal analysis.

victim. *Id.* at 929 (failure to instruct on essential elements of robbery harmless "when uncontroverted evidence supports the omitted element"). A jury instruction requiring proof of the victim's ownership or possessory interest would not have changed the outcome. PRP relief is unavailable in these circumstances. *In re Pers. Restraint of Haverty*, 101 Wn.2d 498, 504, 681 P.2d 835 (1984).

## CONCLUSION

We affirm the judgment and sentence of the trial court and dismiss Mr. Sandoval's PRP.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Lawrence-Berrey, A.C.J.                          Korsmo, J.

5