2018 NOV 19 AM 8:43

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) ) ) | No. 76384-9-I |
| JEFFREY SCOTT BRETTELL, | ) ) ) | DIVISION ONE |
| Petitioner. | ) ) ) | PUBLISHED OPINION |
| | ) | Filed: November 19, 2018 |

LEACH, J. — Jeffrey Scott Brettell collaterally challenges six community custody conditions imposed by the trial court after his conviction for two counts of rape of a child in the third degree and one count of commercial sexual abuse of a minor. He claims that two are constitutionally vague and all six exceed the court's statutory authority.

Brettell asserts, and the State concedes, that a condition prohibiting him from frequenting "areas where minor children are known to congregate" is unconstitutionally vague. Because we disagree with Brettell's remaining claims, we affirm in part and remand for the trial court to address the invalid condition in a manner consistent with this opinion.

## FACTS

In 2013 and 2014 Jeffrey Scott Brettell repeatedly sexually assaulted two 14-year-old girls, L.K. and T.U. The girls first met Brettell in November 2013.

Initially, Brettell offered them jobs at his campground and paid them in cash, alcohol, marijuana, and cigarettes. Later, he began inviting L.K. to drink, smoke marijuana, and have sex. Usually, L.K. was unconscious from marijuana or alcohol intoxication when Brettell had sex with her. She does remember one episode of sexual intercourse when she was sober. In April or May of 2014 Brettell began having sex with T.U. T.U. reported one incident when she was intoxicated and Brettell had sex with her in his truck.

In June 2014, L.K. reported Brettell to the Snohomish County Sheriff's Office. Its investigation revealed, among other things, explicit text messages sent by Brettell to the victims and images of a naked girl on his phone. A search of his computer disclosed several Internet searches for images of rape and sexual assault and more than 100 sexually explicit images of children.

Brettell was arrested on February 15, 2015. On October 28, 2015, he pleaded guilty to two counts of rape of a child in the third degree and a single count of commercial sexual abuse of a minor. His plea agreement stated that the State's affidavit of probable cause established the factual basis for his plea.

On February 22, 2016, the court sentenced Brettell to 72 months of confinement followed by 36 months of community custody. It imposed 27

community custody conditions. Brettell did not appeal his sentence. Brettell now challenges his sentence with this personal restraint petition (PRP).[1]

## STANDARD OF REVIEW

To receive collateral relief by a PRP, a petitioner must show either a constitutional error that resulted in actual and substantial prejudice or a nonconstitutional error that resulted in a fundamental defect that caused a complete miscarriage of justice.[2]

This court reviews a community custody condition for abuse of discretion and will reverse a manifestly unreasonable condition.[3] The imposition of an unconstitutional condition is always manifestly unreasonable.[4] An appellate court does not presume that a community custody condition is constitutional.[5]

## ANALYSIS

Brettell challenges six community custody conditions the sentencing court imposed. He claims that two conditions are unconstitutionally vague and all six

---

[1] Brettell challenged 10 conditions in his original PRP. In his reply to the State's response to the PRP, he withdrew his challenges to 4 conditions.

[2] In re Pers. Restraint of Haverty, 101 Wn.2d 498, 504, 681 P.2d 835 (1984); In re Pers. Restraint of Grantham, 168 Wn.2d 204, 212, 227 P.3d 285 (2010) (quoting In re Pers. Restraint of Isadore, 151 Wn.2d 294, 298, 88 P.3d 390 (2004)).

[3] State v. Irwin, 191 Wn. App. 644, 652, 364 P.3d 830 (2015).

[4] Irwin, 191 Wn. App. at 652.

[5] State v. Sanchez Valencia, 169 Wn.2d 782, 793, 239 P.3d 1059 (2010).

exceed the court's statutory authority.[6] The State concedes that the condition prohibiting Brettell from frequenting "areas where minor children are known to congregate" is unconstitutionally vague. We accept the State's concession and reject Brettell's remaining claims.

## Unconstitutionally Vague Challenge

Constitutional due process requires fair warning of proscribed behavior.[7] A community custody condition that does not provide this warning is unconstitutionally vague.[8] Specifically, a community custody condition must (1) "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is proscribed" and (2) "provide ascertainable standards of guilt to protect against arbitrary enforcement."[9] If a condition implicates First Amendment rights, like the right of assembly, it also must be particularly clear so as not to "cause a chilling effect" on the implicated rights.[10]

If a person of ordinary intelligence can understand what behavior a condition forbids, given the context in which its terms are used, the community

---

[6] Brettell originally challenged the imposition of all six conditions on the basis that the sentencing court exceeded its statutory authority in his pro se briefing. In counsel's briefing, he raised additional challenges of unconstitutional vagueness against the imposition of two of the conditions.

[7] U.S. CONST. amend. XIV, § 1; WASH. CONST. art. I, § 3; State v. Bahl, 164 Wn.2d 739, 752-53, 193 P.3d 678 (2008).

[8] Bahl, 164 Wn.2d at 752-53.

[9] Bahl, 164 Wn.2d at 752-53 (quoting City of Spokane v. Douglass, 115 Wn.2d 171, 178, 795 P.2d 693 (1990)).

[10] Bahl, 164 Wn.2d at 753.

custody condition is valid.[11] And a sufficiently clear condition can survive a vagueness challenge "'notwithstanding some possible areas of disagreement.'"[12] The condition does not need to provide "complete certainty as to the exact point at which [the convicted person's] actions would be classified as prohibited conduct."[13]

### A. Prohibition on Brettell Frequenting where Minor Children Are Known To Congregate

Brettell contends that the condition prohibiting him from "frequent[ing] areas where minor children are known to congregate, as defined by the supervising Community Corrections Officer" (CCO) is unconstitutionally vague. Brettell does not show actual and substantial prejudice caused by this condition. But the State agrees that it is impermissibly vague and should be rewritten. So we do not analyze the merits of Brettell's claim.

### B. Prohibition on Brettell Associating with Known Users or Sellers of Illegal Drugs

Brettell also claims that the condition barring him from "associat[ing] with known users or sellers of illegal drugs" is unconstitutionally vague. He contends

---

[11] State v. Hai Minh Nguyen, No. 94883-6, slip op. at 6, (Wash. Sept. 13, 2018), http://www.courts.wa.gov/opinions/pdf/948836.pdf; Bahl, 164 Wn.2d at 754.

[12] Bahl, 164 Wn.2d at 754 (quoting Douglass, 115 Wn.2d at 179).

[13] Hai Minh Nguyen, No. 94883-6, slip op. at 9.

that the condition does not make clear who must have the knowledge required by the "known" term. And he claims that "users or sellers of illegal drugs" does not sufficiently define the group of people he must avoid. We disagree.

Brettell correctly notes that restrictions on association implicate the First Amendment. When a condition involves a constitutionally protected right, its language must be clear and necessary.[14] But a court may restrict a convicted offender's association rights if "'reasonably necessary to accomplish the essential needs of the state and public order.'"[15] And RCW 9.94A.703(3)(b) gives a sentencing court clear statutory authority to restrict an offender's contact with a specified class of people.[16] A community custody condition restricting association is not vague if an ordinary person can understand the people to be avoided and it provides standards sufficient to protect against arbitrary enforcement.[17]

Brettell claims that the word "known" makes the condition vague because it does not state who must "know" that a particular person used or sold illegal drugs before he must avoid that person. Brettell does not cite any cases where

---

[14] Bahl, 164 Wn.2d at 757-58.

[15] State v. Riley, 121 Wn.2d 22, 37-38, 846 P.2d 1365 (1995) (quoting Malone v. United States, 502 F.2d 554, 556 (9th Cir.1974)).

[16] The sentencing court has discretion to impose a prohibition on "direct or indirect contact with . . . a specified class of individuals." RCW 9.94A.703 3)(b).

[17] Bahl, 164 Wn.2d at 752-53 (quoting Douglass, 115 Wn.2d at 178).

"known," when used in a community custody condition, refers to the knowledge of anyone other than the offender.

In United States v. Vega,[18] the Ninth Circuit rejected a vagueness challenge to a condition for supervised release that stated "defendant shall not associate with any member of any criminal street gang." Consistent with what the court described as "well-established jurisprudence," it presumed that the condition prohibited the defendant's knowing misconduct.[19] The Vega court noted that while constitutional, the condition would be clearer if it included the term "known." This would have limited the condition's reach to people known by the defendant to be gang members.[20] Brettell does not present legal authority contrary to Vega or otherwise show how the term "known" itself makes the condition vague.

Brettell also asserts that the condition is unclear because the terms "users and sellers" might refer to people's actions in the distant past and/or those they are no longer engaged in. A court interprets an undefined term in a community custody condition based on its plain meaning, which includes the dictionary definition.[21] The definition of "user" is "one that uses; specif[ically] : a person

---

[18] 545 F.3d 743, 746 (9th Cir. 2008).

[19] Vega, 545 F.3d at 750.

[20] Vega, 545 F.3d at 749-50 (discussing the use of "known" in a condition found valid in United States v. Soltero, 510 F.3d 858, 865-67 (9th Cir. 2007)).

[21] Bahl, 164 Wn.2d at 754.

who uses alcoholic beverages or narcotics."[22] The definition of "use" is "the act or practice of using something."[23] The definition of "seller" is "one that offers for sale."[24] Thus, the terms "users or sellers" refer to ongoing current activity. Like the terms "using, possessing, or dealing" found constitutional in State v. Llamas-Villa,[25] they effectively notify a person of ordinary intelligence what behavior is prohibited.

Brettell also contends that the term "illegal drugs" reinforces the vagueness of "known." With some states' decriminalization of "recreational marijuana, it does not provide fair notice to write conditions in terms of 'illegal drugs.'" Washington no longer criminalizes the use and possession of limited quantities of marijuana.[26] But this conduct remains a federal offense, governed by the Controlled Substances Act (CSA).[27] The CSA preempts state law, even for marijuana wholly grown and distributed intrastate.[28] The complication of different state and federal drug enforcement policies does not excuse a person from knowing that for marijuana, it is still "illegal." The mere fact that only the

---

[22] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2524 (2002).

[23] WEBSTER'S at 2523.

[24] WEBSTER'S at 2062.

[25] 67 Wn. App. 448, 456, 836 P.2d 239 (1992).

[26] See, e.g., RCW 69.50.360.

[27] 21 U.S.C. §§ 812, 844.

[28] Gonzales v. Raich, 545 U.S. 1, 29-30, 125 S. Ct. 2195, 162 L. Ed. 2d 1 (2005).

federal government prohibits recreational marijuana use and possession does not make the term "illegal drugs" vague as applied to marijuana.[29]

Finally, Brettell asks this court to consider dicta from its unpublished decision in State v. Brown.[30] In an aside, the Brown court indicated approval of the trial court's rejection of a condition, recommended during sentencing, forbidding Brown from associating with "known drug users."[31]

We are not bound by unpublished decisions, let alone dicta in them.[32] Also, the condition in Brown is not the same as the condition at issue here. The challenged condition prohibits Brettell from associating with "known users and sellers of illegal drugs." In contrast, the condition in Brown prohibited association with "known drug users" and did not limit the restriction to "illegal" users.[33] We conclude that this condition is not impermissibly vague.

---

[29] Even apart from the fact that the petitioner is responsible for knowledge of currently applicable laws, the widespread media coverage of the federal enforcement of marijuana possession and use renders this argument specious. See, e.g., Donna Leinwand Leger, *Marijuana to remain illegal under federal law, DEA says*, USA TODAY, Aug. 11, 2016 https://www.usatoday.com/story/news/2016/08/11/dea-marijuana-remains-illegal-under-federal-law/88550804/.

[30] State v. Brown, No. 75458-1-I (Wash. Ct. App. Mar. 12, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/754581.pdf.

[31] Brown, No. 75458-1-I, slip op. at 25.

[32] We note that in State v. Snyder, another unpublished decision, this court upheld the same condition at issue here, albeit against a charge that it failed to be crime related rather than against a vagueness charge. No. 75717-2-I, slip op. at 11-12 (Wash. Ct. App. Feb. 26, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/757172.pdf.

[33] Brown, No. 75458-1-I, slip op. at 25.

Statutory Authority

Brettell next claims the court exceeded its statutory authority by imposing conditions involving controlled substances and treatment because they are not sufficiently crime related. He also claims the court exceeded its statutory authority by imposing a condition requiring plethysmograph testing. We disagree.

RCW 9.94A.703 describes the conditions a court can impose when sentencing a person to a term of community custody. It identifies four categories of conditions: mandatory, waivable, discretionary, and special.[34] The statute defines "waivable conditions" as those that "the court shall order" unless "waived by the court."[35] The statute defines "discretionary conditions" as those that the court may order and lists six conditions.[36] These include a requirement that the offender "[c]omply with any crime-related prohibitions."[37] "Crime-related" means "conduct that directly relates to the circumstances of the crime for which the offender has been convicted." [38] A sentencing court can also require that an offender perform "affirmative acts necessary to monitor compliance" with the community custody conditions.[39]

---

[34] RCW 9.94A.703(1)-(4).
[35] RCW 94A.703(2).
[36] RCW 94A.703(3).
[37] RCW 9.94A.703(3)(f).
[38] RCW 9.94A.030(10).
[39] RCW 9.94A.030(10).

*A. Waivable Conditions*

Brettell asserts that the condition requiring that he "not possess or consume controlled substances unless [he has] a legally issued prescription" is not crime related. But RCW 9.94A.703(2)(c) defines this as a waivable and not a discretionary condition.[40] So the court had authority to impose it without it being related to Brettell's underlying crimes.

*B. Discretionary Conditions*

Brettell claims that the sentencing court exceeded its authority by imposing these four conditions: condition 12: "Do not associate with known users or sellers of illegal drugs"; condition 13: "Do not possess drug paraphernalia"; condition 22: "Participate in urinalysis, Breathalyzer, and polygraph examinations as directed by the supervising Community Corrections Officer, to monitor compliance with conditions of community custody"; and condition 23: "Submit to plethysmograph testing, as directed by a certified sexual deviancy treatment provider."

Brettell does not identify sufficient evidence to show that the challenged conditions unlawfully restrain him. Even if he had provided more than just conclusory assertions, the sentencing court did not abuse its discretion by imposing these conditions.

---

[40] "Refrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions."

### i. Drug and alcohol-related conditions

Brettell challenges as not sufficiently crime related the condition restricting his association with "known users or sellers of illegal drugs," the condition restricting his "possess[ion] of drug paraphernalia," and the condition requiring he participate in "urinalysis [and] Breathalyzer" testing.

A petitioner claiming that a "crime-related prohibition" is not reasonably related to the underlying offense must include evidence of the circumstances of the crime to support his argument. Here, Brettell provides only bare assertions. So he does not make the required prima facie showing that the court erred.

Even if Brettell supported his assertion with evidence, the uncontested facts identified by the State in response to his PRP demonstrate that these conditions are sufficiently crime related. Brettell gave his victims alcohol and marijuana before and during the assaults. During many of the assaults, the victims were intoxicated, sometimes to the point of unconsciousness. He also used the promise of drugs and alcohol to entice at least one of his victims, L.K., to him, and thus facilitate the assault. The court did not err in imposing drug and alcohol related conditions.

### ii. Plethysmograph Testing

Last, Brettell challenges the condition requiring that he "[s]ubmit to plethysmograph testing as directed by a certified sexual deviancy treatment

provider." Brettell acknowledges that a court may order plethysmograph testing when it orders crime-related deviancy treatment. He asserts that the sentencing court did not order him to "participate in sexual deviancy treatment" because the pertinent condition does not include the express phrase "participate in sexual deviancy treatment."

Brettell minces words. A community custody condition required that Brettell be evaluated by and follow the recommended course of treatment of a certified sexual deviancy counselor. The court had authority to require plethysmograph testing as a means for assessment and monitoring compliance during the treatment.

Brettell also claims the plethysmograph testing is invalid because the court was "without authority to order plethysmograph testing upon direction of the Community Corrections Officer." However, the condition itself does not authorize the CCO to order a plethysmograph test, only a "certified sexual deviancy treatment provider." So this argument lacks merit.

Timeliness

Brettell notes that the one-year time restriction on collateral attacks may bar his vagueness challenge to condition 12. Because his claim fails on its merits and the State does not challenge the timeliness of the attack, we do not address this issue.

## CONCLUSION

Because the State agrees that condition six is unconstitutionally vague, we vacate it and remand to the trial court to address it in a manner consistent with this decision. As Brettell fails to show the invalidity of any other challenged condition, we otherwise deny his request for relief.

_Leach, J._

WE CONCUR: