# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Personal Restraint of:<br><br>LANCE AARON MICHAEL BURNWORTH,<br><br>Petitioner. | No. 56899-3-II<br><br>UNPUBLISHED OPINION |

PRICE, J. — Lance A. M. Burnworth brings this personal restraint petition (PRP) arguing that he is entitled to be resentenced because his sentence exceeds the statutory maximum. He further argues certain community custody conditions are not crime related and are overbroad. We grant Burnworth's petition and remand for resentencing, but determine the conditions are crime related and not overbroad.

### FACTS

Burnworth was 25 years old when he raped a 15-year-old girl. Burnworth was charged with, and pleaded guilty to, three counts of third degree rape of a child.

Burnworth was sentenced to 46 months of confinement for each count, to be served concurrently. He was also sentenced to 36 months of community custody. As part of his community custody, the sentencing court imposed community custody conditions, including prohibitions on entering sex-related businesses and accessing sexually explicit material; the conditions stated,

9.  Do not enter sex-related businesses, which means: x-rated movies, adult bookstores, strip clubs, and any location where the primary source of business is related to sexually explicit material.

10.  You must not possess or access sexually explicit materials that are intended for sexual gratification.  This means, but is not limited to, material which shows genitalia, bodily excretory behavior that appears to be sexual in nature, physical stimulation of unclothed genitals, masturbation, sodomy (i.e., bestiality, or oral or anal intercourse), flagellation or torture in the context of a sexual relationship, or emphasizing the depiction of human genitals, unless given prior approval by your sexual deviancy provider.  Works of art or of anthropological significance are not considered sexually explicit material.

PRP Opening Br. (Judgment and Sentence App. H at 1-2).

Burnworth's judgment and sentence was filed on August 12, 2021.  Burnworth filed this PRP on April 26, 2022, within one year of his judgment and sentence.

ANALYSIS

I. PERSONAL RESTRAINT PETITIONS

Persons who are unlawfully restrained may be granted relief by this court.  RAP 16.4(a). "Relief by way of a collateral challenge to a conviction is extraordinary, and the petitioner must meet a high standard before this court will disturb an otherwise settled judgment."  *In re Pers. Restraint of Coats*, 173 Wn.2d 123, 132, 267 P.3d 324 (2011).

PRPs require the petitioner to demonstrate error.  *In re Pers. Restraint of Sandoval*, 189 Wn.2d 811, 821, 408 P.3d 675 (2018).  If the error was of constitutional magnitude, the petitioner must show actual and substantial prejudice from the error.  *Id.*  If the error was not of constitutional magnitude, the petitioner "must show the error represents a 'fundamental defect . . . that inherently resulted in a complete miscarriage of justice.' "  *Id.* (alteration in original) (quoting *In re Pers. Restraint of Finstad*, 177 Wn.2d 501, 506, 301 P.3d 450 (2013)).

Generally, petitioners have one year from the date their judgment and sentence becomes final to bring a PRP. RCW 10.73.090. A judgment becomes final on the date it is filed with the trial court clerk. RCW 10.73.090(3)(a).

## II. STATUTORY MAXIMUM SENTENCE

In his timely petition, Burnworth argues the sentencing court erred when it imposed a sentence in excess of the maximum sentence statutorily allowed for third degree rape of a child. The State concedes Burnworth's sentence exceeds the statutory maximum. We accept the State's concession and remand for resentencing.

Third degree rape of a child is a class C felony. RCW 9A.44.079(2). Class C felonies are punishable by a maximum sentence of five years (60 months). RCW 9A.20.021(1)(c). A sentencing court may impose a community custody sentence for three years (36 months) for certain sex offenses. RCW 9.94A.701(1)(a). However, the sentencing court must reduce "an offender's standard range term of confinement in combination with the term of community custody" if the total sentence "exceeds the statutory maximum for the crime as provided in RCW 9A.20.021." RCW 9.94A.701(10). Thus, if the total term of confinement and community custody exceed the statutory maximum, we remand for resentencing. *See State v. Boyd*, 174 Wn.2d 470, 473, 275 P.3d 321 (2012).

Here, the sentencing court sentenced Burnworth to 46 months of confinement and 36 months of community custody, for a total of 82 months. Because Burnworth's sentence carries a maximum sentence of 60 months, his 82 month sentence is more than allowed by the statute. Therefore, we grant the petition and remand for resentencing.

III.  CRIME-RELATED COMMUNITY CUSTODY CONDITIONS

Burnworth argues some of his community custody conditions are overbroad and not crime related.[1]  We disagree.

A.  LEGAL PRINCIPLES

Sentencing courts may, as a condition of community custody, order offenders to "[c]omply with any crime-related prohibitions."  RCW 9.94A.703(3)(f).  A crime-related prohibition must "directly relate[] to the circumstances of the crime for which the offender has been convicted . . . ."  RCW 9.94A.030(10).  A condition is not required to be factually identical to the crime.  *See State v. Irwin*, 191 Wn. App. 644, 657, 364 P.3d 830 (2015).

We review community custody conditions for an abuse of discretion, and will reverse only if " 'manifestly unreasonable.' "  *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018) (internal quotation marks omitted) (quoting *Irwin*, 191 Wn. App. at 652).  The conditions are upheld if reasonably crime related.  *State v. Warren*, 165 Wn.2d 17, 32, 195 P.3d 940 (2008), *cert. denied,* 556 U.S. 1192 (2009).  The prohibited conduct is not required to be identical to the crime of conviction, but there must be " 'some basis for the connection.' "  *State v. Nguyen*, 191 Wn.2d 671, 684, 425 P.3d 847 (2018) (quoting *Irwin*, 191 Wn. App. at 657).  A sentencing court may use its discretion to "impose prohibitions that address the cause of the present crime or some factor of

---

[1] Although the State argues we should not review the community custody conditions for crime-relatedness because Burnworth failed to object to the conditions at sentencing, petitioners "may challenge the crime-relatedness of the conditions for the first time in a timely personal restraint petition."  *In re Pers. Restraint of Sickels*, 14 Wn. App. 2d 51, 59, 469 P.3d 322 (2020); *see also In re Pers. Restraint of Brettell*, 6 Wn. App. 2d 161, 167, 430 P.3d 677 (2018) (court review of a collateral challenge to community custody conditions stating, "The imposition of an unconstitutional condition is always manifestly unreasonable.  An appellate court does not presume that a community custody condition is constitutional.").  Thus, we review this issue.

the crime that might cause the convicted person to reoffend." *Id.* "A community custody condition is not impermissibly overbroad if it is crime related." *State v. Lee*, 12 Wn. App. 2d 378, 401, 460 P.3d 701, *review denied*, 195 Wn.2d 1032 (2020).

Our Supreme Court further explained these principles while addressing similar community custody conditions in *Nguyen*, a case involving the consolidated cases of two defendants, Nguyen and Norris. 191 Wn.2d at 675. In the case of Nguyen, he was convicted of first degree child molestation, first degree child rape, second degree child molestation, and second degree child rape. *Id.* As part of his community custody, Nguyen was prohibited from possessing or viewing "sexually explicit material." *Id.* at 676 (internal quotation marks omitted). Although his crime did not specifically involve sexually explicit material, the court held this condition was reasonably related to his crimes because "it is both logical and reasonable to conclude that a convicted person who cannot suppress sexual urges should be prohibited from accessing 'sexually explicit materials,' the only purpose of which is to invoke sexual stimulation." *Id.* at 686.

Norris, the other defendant discussed in *Nguyen*, had pleaded guilty to three counts of child molestation. *Id.* at 677. As part of her community custody, she was prohibited from entering any "sex-related business." *Id*. at 675. Although the record did not show that a sex-related business played a role in Norris' crimes, the court held the condition was reasonably related because, "like Nguyen's condition discussed above, this condition [had] more to do with Norris' inability to control her urges and impulsivities than it [did] with the specific facts of her crimes." *Id.* at 687.

B. APPLICATION

Burnworth argues that community custody condition 9, which prohibits him from entering sex-related businesses, and community custody condition 10, which prohibits him from accessing or possessing sexually explicit materials intended for sexual gratification, are not crime related and are overbroad.

These two conditions are identical to the conditions challenged, and upheld, in *Nguyen*. Burnworth pleaded guilty to three counts of third degree rape of a child. As suggested by our Supreme Court in *Nguyen*, it is reasonable to conclude that Burnworth cannot control his sexual urges. *Id.* at 686 ("Nguyen committed sex crimes and, in doing so, established his inability to control his sexual urges."). Therefore, just as in *Nguyen*, both community custody conditions 9 and 10 are reasonably related to Burnworth's crimes because it is "both logical and reasonable" to prohibit access to sex-related businesses and sexually explicit material from a person who cannot control their sexual urges. We conclude that these conditions are crime related.

Burnworth further appears to argue the community custody conditions are overbroad because they do not serve a compelling state interest. Burnworth provides only conclusory statements that the prohibitions are not reasonably necessary for public order or safety. But once these conditions are determined to be crime related, Burnworth's general contention that the conditions are overbroad is unpersuasive without more, and therefore, this claim also fails. *See Lee*, 12 Wn. App. 2d at 401 (crime-related conditions are not overbroad). Because Burnworth's community custody conditions are crime related and not overbroad, he fails to show error on this issue.

No. 56899-3-II

## CONCLUSION

We grant Burnworth's petition and remand for resentencing because he was sentenced above the statutory maximum. But Burnworth fails to show that his community custody conditions are not crime related or overbroad.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

CRUSER, A.C.J.

VELJACIC, J.

7