# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON | No. 60720-4-II |
| Respondent, | |
| v. | |
| CRAIG LLOYD SCHILLREFF, | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—A jury convicted Craig Schillreff of second degree assault with a firearm enhancement and obstructing a law enforcement officer. The trial court sentenced Schillreff to 39 months of total confinement, followed by 18 months of community custody.

On appeal, Schillreff challenges two community custody conditions. First, Schillreff argues that the condition prohibiting him from consuming controlled substances except pursuant to a lawfully issued *prescription* is inconsistent with the Washington State Medical Use of Cannabis Act (Medical Cannabis Act), ch. 69.51A RCW, which allows doctors to *authorize* the consumption of medical cannabis. Schillreff contends this condition must be modified to allow medical use of cannabis with a doctor's authorization. Second, Schillreff argues that the condition prohibiting him from possessing controlled substances was not crime related, so it must be stricken.

We hold that the challenge to the first community custody condition is not ripe and the trial court had statutory authority to impose the second community custody condition, so we decline to modify or strike either condition. Accordingly, we affirm the trial court.

FACTS

Two 911 callers reported that a man was yelling and pointing guns at passing cars. Police responded to the scene, found Schillreff, and arrested him. The State charged Schillreff with second degree assault, obstructing a law enforcement officer, and resisting arrest.

At trial, the jury found Schillreff guilty of assault in the second degree while armed with a firearm and obstructing a law enforcement officer. The jury found Schillreff not guilty of resisting arrest. The trial court sentenced Schillreff to 39 months of confinement, followed by 18 months of community custody.

The trial court imposed several community custody conditions, two of which are relevant to this appeal. Schillreff was ordered to "(4) not consume controlled substances except pursuant to lawfully issued prescriptions" and "(5) not unlawfully possess controlled substances while in community custody." Clerk's Papers at 120. At the sentencing hearing, while defense counsel objected to two other community custody conditions, defense counsel did not object to either of the conditions challenged in this appeal. Nonetheless, Schillreff appeals his sentence arguing that condition four must be modified and condition five must be stricken.

There is some evidence that Schillreff had a history of substance abuse. *See* CP at 29. But the parties agree there was no testimony or evidence presented at trial that controlled substances contributed to the offense. As the State notes, "The parties did not litigate whether controlled substances contributed to Schillreff's crimes at sentencing. The only record of Schillreff's

2

substance use appears to be in his pretrial competency evaluation[,] which offers little insight." Br. of Resp't at 11.

## ANALYSIS

### I. PRESERVATION

As an initial matter, the State contends that this court should decline to review the validity of the community conditions under RAP 2.5(a) because condition four is not ripe and Schillreff did not object to the conditions he now challenges. The State further asserts that Schillreff's failure to cite or discuss RAP 2.5 in his brief "merits the summary rejection of his claims." Br. of Resp't at 9. Schillreff responds that "illegal or erroneous sentences . . . may always be challenged for the first time on appeal." Br. of Appellant at 9.

We "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). We consider whether the "challenge 'is ripe for review on its merits'" and whether the "conditions are a 'manifest error affecting a constitutional right.'" *State v. Nelson*, 4 Wn.3d 482, 493, 565 P.3d 906 (2025) (quoting *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (2015); quoting RAP 2.5(a)(3)). If a condition "'is ineligible for review for one reason, we need not consider the other.'" *Nelson*, 4 Wn.3d at 494 (quoting *State v. Peters*, 10 Wn. App. 2d 574, 583, 455 P.3d 141 (2019)).

### II. CONDITION FOUR: PROHIBITING CONSUMPTION OF CONTROLLED SUBSTANCES

Schillreff argues that the prohibition on consuming controlled substances except pursuant to a lawfully issued prescription must be modified. He argues that because the Medical Cannabis Act allows health care professionals to issue an *authorization* for medicinal cannabis use, but not a prescription, the community custody condition is inconsistent with Washington law. He asserts

that the condition should be amended to allow medicinal cannabis use with a doctor's authorization.

The State first contends Schillreff's claim relating to condition four is not ripe for review. The State explains that Schillreff has not shown he possesses or is likely to obtain medical authorization for cannabis use once he is released from prison. The State alleges, and Schillreff does not dispute, that Schillreff does not currently have a medical cannabis authorization.

A preenforcement challenge to a community custody condition is ripe for review if "'the issues raised are primarily legal, do not require further factual development, and the challenged action is final.'" *State v. Cates*, 183 Wn.2d 531, 534, 354 P.3d 832 (internal quotation marks omitted) (quoting *State v. Sanchez Valencia*, 169 Wn.2d 782, 786, 239 P.3d 1059 (2010)). We must also consider the hardship to the defendant if we refuse to review the challenge on appeal. *Sanchez Valencia*, 169 Wn.2d at 789.

As to the first prong of the ripeness inquiry, whether a question is purely legal, we consider whether anything "about this contention will change between now and the time when he is released from prison." *Sanchez Valencia*, 169 Wn.2d at 788 (emphasis omitted). Second, "[f]urther factual development is needed when the challenger's argument is based on the potential for '[s]ome future misapplication of the community custody condition,' which necessarily depends 'on the particular circumstances of the attempted enforcement.'" *Nelson*, 4 Wn.3d at 494 (second alteration in original) (internal quotation marks omitted) (quoting *Cates*, 183 Wn.2d at 535). Third, an action is final if, when an individual is released from prison, the condition will immediately restrict their conduct. *State v. Bahl*, 164 Wn.2d 739, 751-52, 193 P.3d 678 (2008) ("a community corrections officer may arrest or cause the arrest of an offender without a warrant if he or she suspects the

4

offender has violated a condition; if arrested, the offender must be jailed" (citing RCW 9.94A.631)). Finally, we consider whether hardship to the defendant overrides these other considerations. *Sanchez Valencia*, 169 Wn.2d at 789.

Here, the community custody condition at issue is both primarily legal and final. The question—whether the community custody condition must be modified considering the Medical Cannabis Act—will not be clarified as time passes. And the condition became final when Schillreff was sentenced. Thus, the relevant inquiry here is whether future factual development is required.

Often, further factual development is not necessary where the question is purely legal. In *Bahl*, the court considered a preenforcement vagueness challenge to a condition that prohibited the possession of certain pornographic materials. 164 Wn.2d at 743. Because the analysis turned on whether the terms were vague, the court concluded that "there is nothing that will change between the present time and [the defendant]'s release that will affect the vagueness analysis." *Id.* at 752.

In contrast, in *Nelson*, the defendant challenged conditions allowing the State to conduct blood alcohol and urinalysis testing. 4 Wn.3d at 496. The Washington Supreme Court held that the preenforcement challenge required further factual development because it rested on the factual assumption that the testing would be conducted in an unreasonable matter. *Id.*

Schillreff asserts that his claim, like in *Bahl*, is purely legal because it involves a question of statutory analysis, which suggests the claim does not require further factual development. However, unlike in *Bahl*, Schillreff's claims require further factual development—whether the application of the Medical Cannabis Act is relevant to Schillreff at all *could* change between now and when the defendant is released. Right now, Schillreff does not have a medical authorization for medicinal cannabis use. In his briefing, Schillreff requests a modification be ordered "to allow

for provider-authorized medical cannabis use—*if a provider would deem such use appropriate*." Br. of Appellant at 13 (emphasis added). Because Schillreff does not yet possess a medical authorization, his case more closely resembles *Nelson*. Schillreff's request—to modify his community custody condition to allow controlled substance use permitted by the Medical Cannabis Act—rests on the factual assumption that Schillreff will receive medical authorization to use medicinal cannabis once he is released from custody. Thus, we conclude that condition four is subject to further factual development.

Occasionally, "'the risk of hardship' to a defendant is sufficient 'to justify review of [their] challenge before it is factually developed.'" *Nelson*, 4 Wn.3d at 496 (alteration in original) (quoting *Cates*, 183 Wn.2d at 535). "The risk is at its greatest when the challenged conditions will 'immediately restrict[] the petitioners' conduct upon their release from prison.'" *Id.* (alteration in original) (quoting *Sanchez Valencia*, 169 Wn.2d at 791). Thus, we may exercise our discretion to reach the merits if the condition would immediately and significantly restrict the defendant's behavior upon release. *See Cates*, 183 Wn.2d at 535-36.

In *Nelson*, the Washington Supreme Court held that the risk of hardship was insufficient to justify review because the conditions—requiring blood alcohol and urinalysis testing—did not require him to do, or refrain from doing, anything upon his release. 4 Wn.3d at 497. Rather, the condition would not be invoked unless there was a request from the Department of Corrections. *Id.* In *Bahl*, on the other hand, the court held that the potential for hardship justified review of a condition that the defendant argued was inherently vague. 164 Wn.2d at 751-52. The court reasoned that granting preenforcement review prevented a situation where the defendant was

forced to wait until they were charged with a violation of a condition they had to comply with before they could challenge the condition on the merits. *Id.* at 752.

Schillreff's situation is more analogous to *Nelson* than *Bahl* with regard to the hardship inquiry. Schillreff's argument is about the ability to medically use cannabis pursuant to an authorization he does not currently have. If he obtains an authorization, he could challenge the condition. Because it is not clear from the record that Schillreff is likely to get medical authorization for cannabis use, the risk of potential hardship is not sufficient to justify review.

In sum, this claim requires further factual development; thus, it is not ripe for review.

### III. CONDITION FIVE: PROHIBITING POSSESSION OF CONTROLLED SUBSTANCES

The State does not raise a ripeness challenge to condition five. Thus, we assume the claim is ripe and first consider whether the imposition of this condition amounts to a manifest error.

Schillreff argues that condition five's prohibition on unlawfully possessing controlled substances is not crime related and must be stricken. The State responds that the Supreme Court has explained that this condition does not need to be crime related to be imposed. We agree with the State.

In relevant part, RCW 9.94A.703(2)(c) provides "[u]nless waived by the court, as part of any term of community custody, the court *shall* order an offender to . . . [r]efrain from possessing or consuming controlled substances except pursuant to lawfully issued prescriptions." (emphasis added). Unlike discretionary conditions, waivable conditions need not be crime related to be imposed. *In re Pers Restraint of Brettell*, 6 Wn. App. 2d. 161, 173, 430 P.3d 677 (2018).

Defendants may generally challenge community custody conditions that are contrary to statutory authority for the first time on appeal. *Bahl*, 164 Wn.2d at 745. We review de novo the

sentencing court's statutory authority to impose a particular community custody condition. *State v. Houck*, 9 Wn. App. 2d 636, 646, 446 P.3d 646 (2019). Otherwise, we review community custody conditions for an abuse of discretion. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). "An abuse of discretion occurs only when the decision of the court is 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.'" *State v. McCormick*, 166 Wn.2d 689, 706, 213 P.3d 32 (2009) (quoting *Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

*Nelson* dealt with testing conditions imposed to monitor Nelson's compliance with his validly imposed community custody conditions prohibiting alcohol and drug use. *Nelson*, 4 Wn.3d at 509. In discussing the testing conditions, the Washington Supreme Court noted prohibitions on the use of drugs and alcohol are "statutorily authorized and do not have to be crime related to be imposed." *Id.* at 503. Accordingly, these conditions were "validly imposed pursuant to the sentencing court's statutory authority" under RCW 9.94A.703(2)(c). *Id.* at 504. This reasoning applies equally to the condition challenged here, a prohibition on unlawfully possessing controlled substances while in community custody, which arises from the same statutory provision.

Division One has also resolved a similar challenge. In *Brettell*, the defendant argued that the condition requiring he "'not possess or consume controlled substances unless [he has] a legally issued prescription'" could not be imposed unless it was crime related. 6 Wn. App. 2d at 173 (alteration in original). The court rejected the argument, relying on the plain language of the statute and concluding, "RCW 9.94A.703(2)(c) defines this as a waivable and not a discretionary condition. So[,] the court had authority to impose it without it being related to Brettell's underlying crimes." *Id.* (footnote omitted).

Consistent with *Nelson* and *Brettell*, we hold that condition five is a waivable community custody condition under RCW 9.94A.703(2)(c). As a waivable condition, it does not need to be crime related to be validly imposed.

The trial court did not err in prohibiting Schillreff from possessing controlled substances because it is a waivable condition under RCW 9.94A.703(2)(c). Thus, it is not a manifest error affecting Schillreff's constitutional rights.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

GLASGOW, J.

We concur:

CRUSER, J.

VELJACIC, C.J.