# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52040-1-II |
| Respondent, | |
| v. | |
| SEAN ALLEN FORSMAN, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Sean Forsman appeals from the $200 criminal filing fee and $100 DNA (deoxyribonucleic acid) collection fee imposed as legal financial obligations following resentencing for his unlawful delivery of a controlled substance convictions. The State concedes that remand is required to strike the criminal filing fee, but argues that Forsman has the burden of showing that his DNA was previously collected as part of a prior conviction. We accept the State's concession as to the criminal filing fee, but we hold that the State has the burden to show that Forsman's DNA was not previously collected. Thus, we remand for the trial court to strike the criminal filing fee and direct the sentencing court to reconsider the DNA collection fee consistent with this opinion.

## FACTS

In 2013, Sean Forsman was convicted of three counts of unlawful delivery of a controlled substance with school zone sentence enhancements. We affirmed his convictions on direct appeal. Our Supreme Court later granted in part Forsman's personal restraint petition and

remanded to the trial court for resentencing. He was resentenced in 2016. Forsman appealed from his 2016 resentencing hearing, and we remanded for a full resentencing hearing.

The trial court held another resentencing hearing on June 8, 2018. At the resentencing hearing, the trial court stated that it would impose only mandatory legal financial obligations. It thereafter imposed legal financial obligations that included a $200 criminal filing fee and a $100 DNA collection fee. Forsman appeals from the imposition of those legal financial obligations.

ANALYSIS

RCW 36.18.020(2)(h)[1] prohibits a trial court from imposing a $200 criminal filing fee on indigent defendants. The State concedes that Forsman is indigent and that the trial court erred by imposing the criminal filing fee. We accept the State's concession.

RCW 43.43.7541[2] prohibits a trial court from imposing a $100 DNA collection fee if the State has "previously collected the offender's DNA as a result of a prior conviction." The State acknowledges that Forsman has prior Washington felony convictions, but argues that we should deny Forsman relief from the $100 DNA collection fee because he did not demonstrate at sentencing that his DNA has been previously collected as a result of those convictions. We disagree.

RCW 43.43.751(1)(a) requires the State to collect a DNA sample from every adult or juvenile convicted of a felony. Because Forsman has prior felony convictions, there is a

---

[1] RCW 36.18.020 was recently amended and became effective on June 7, 2018, one day before Forsman's resentencing hearing. LAWS OF 2018, ch. 269, § 17; *see also State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018).

[2] RCW 43.43.7541 was recently amended and became effective on June 7, 2018. LAWS OF 2018, ch. 269, § 18.

No. 52040-1-II

presumption that the State has previously collected his DNA as statutorily required. *State v. Houck*, 9 Wn. App. 2d 636, 651 n. 4, 446 P.3d 646 (2019). But because the record does not show that Forsman's DNA was collected, we remand for the trial court to make this determination. On remand, the State has the burden of showing that Forsman's DNA has not been previously collected as a result of his prior convictions. *Houck*, 9 Wn. App. 2d at 651. If the State cannot meet this burden, the trial court must strike the DNA collection fee. *Houck*, 9 Wn. App. 2d at 651.

We remand for the trial court to strike Forsman's criminal filing fee. On remand, the trial court shall also strike Forsman's DNA collection fee unless the State can show that his DNA has not been previously collected as a result of prior convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Lee, A.C.J.

_____
Cruser, J.

3