# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  52534-8-II |
| Respondent, | |
| v. | |
| DARRIUS ISSAC BRUTON, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — After Darrius Bruton pled guilty to second degree assault in a plea agreement, the trial court sentenced him and imposed legal financial obligations (LFOs), three of which he appeals: the criminal filing fee, the court appointed counsel fee, and the DNA[1] collection fee.  Bruton argues that because he had no income and was indigent at sentencing, the trial court improperly imposed these LFOs.  The State concedes that Bruton had no income and was indigent at sentencing and thus, a remand is appropriate.  The State also claims that the record does not establish that his DNA was previously collected and that this issue should be clarified on remand.  We agree and accept the State's concession and remand to the trial court to strike the $200 criminal filing fee and the $700 court appointed counsel fee.  On remand, the State must prove whether Bruton has previously provided a DNA sample, and if so, the court must strike the $100 DNA collection fee and amend the judgment and sentence accordingly.

---

[1] DNA refers to deoxyribonucleic acid.

FACTS

Bruton pleaded guilty to second degree assault in a plea agreement. At sentencing, Bruton informed the trial court and stated in his financial declaration that he had no income and thus, was indigent. In the judgment and sentence, the trial court imposed four LFOs: a $500 victim assessment fee, a $200 criminal filing fee, a $700 court appointed counsel fee, and a $100 DNA collection fee. Bruton appeals the trial court's imposition of the $200 criminal filing fee, the $700 court appointed counsel fee, and the $100 DNA collection fee.

ANALYSIS

I. CRIMINAL FILING FEE AND COURT APPOINTED COUNSEL FEE

Bruton argues that the trial court erred by imposing a $200 criminal filing fee and a $700 court appointed counsel fee because he had no income and was indigent at sentencing, which indigency the State concedes. We agree and accept the State's concession that the trial court improperly imposed these LFOs.

The legislature amended former RCW 36.18.020(2)(h) (2017) and as of June 7, 2018, sentencing courts are prohibited from imposing a criminal filing fee on defendants who are indigent at the time of sentencing. LAWS OF 2018, ch. 269 § 17; *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018). Similarly, the legislature amended former RCW 10.01.160(3) (2015) "to categorically prohibit the imposition of any discretionary costs on indigent defendants" under certain circumstances. *Ramirez*, 191 Wn.2d at 739 (citing LAWS OF 2018, ch. 269 § 6(3)). In *Ramirez*, our Supreme Court held that the LFO amendments apply prospectively and are applicable to cases pending on direct review. 191 Wn.2d at 749.

"Income" is defined as,

> [S]alary, wages, interest, dividends, and others earnings which are reportable for federal income tax purposes, and cash payments such as reimbursements received from pensions, annuities, social security, and public assistance programs. It includes any contribution received from any family member or other person who is domiciled in the same residence as the defendant and who is heling defray the defendant's basic living costs.

RCW 10.101.010(2)(b).

RCW 10.01.160(3) states that "[t]he court shall not order a defendant to pay costs if the defendant at the time of sentencing is indigent as defined in RCW 10.101.010(3)(a) through (c)." Under RCW 10.101.010(3)(c), a person is indigent if they, "[receive] an annual income, after taxes, of one hundred twenty-five percent or less of the current federally established poverty level."

The court appointed counsel fee is a discretionary cost of prosecution imposed under RCW 10.01.160. *State v. Smith*, 9 Wn. App. 2d 122, 127, 442 P.3d 265 (2019); RCW 10.01.160(3). "Under the 2018 LFO amendments, such costs cannot be imposed against a defendant who is indigent, as defined in RCW 10.101.010(3)(a)-(c), at the time of sentencing." *Smith*, 9 Wn. App. 2d at 127 (citing RCW 10.01.160(3)).

Here, Bruton was indigent at sentencing because he had no income. Because he had no income, Bruton meets the indigency requirement established in RCW 10.101.010(3)(c). Because Bruton was indigent at the time of sentencing, the trial court improperly imposed the $200 criminal filing fee and the $700 court appointed counsel fee. Accordingly, we remand to the trial court to strike these fees from Bruton's judgment and sentence.

## II. DNA COLLECTION FEE

Bruton argues that the trial court erred by imposing a $100 DNA collection fee. The State argues that this LFO was properly imposed because it claims that its records do not show that Bruton previously provided a DNA sample but that this issue should be clarified on remand. We remand to the trial court to determine whether the DNA collection fee has been previously imposed. On remand, the State must demonstrate whether Bruton previously provided a DNA sample, and if so, the court must strike the DNA collection fee and amend the judgment and sentence accordingly.

The legislature also amended former RCW 43.43.7541 (2015) in 2018 which now prohibits imposing a DNA collection fee when the State previously collected the offender's DNA as a result of a prior conviction. LAWS OF 2018, ch. 269 § 18. Although under RCW 43.43.7541 DNA is required to be collected from an offender convicted of a felony and Bruton previously had been convicted of felonies, the record is unclear as to whether Bruton's DNA had been collected previously.

Accordingly, we remand to the trial court to determine whether the $100 DNA collection fee can be imposed under existing law. On remand, the court may not impose this fee unless the State demonstrates that Bruton's DNA has not previously been collected. *State v. Houck*, 9 Wn. App. 2d 636, 651, 446 P.3d 646 (2019), *review denied*, 194 Wn.2d 1024 (2020).

No. 52534-8-II

CONCLUSION

We remand to the trial court to strike the $200 criminal filing fee and the $700 court appointed counsel fee and to determine whether Bruton's DNA was previously collected. On remand, the State must demonstrate whether Bruton previously provided a DNA sample, and if so, the court must strike the DNA collection fee and amend the judgment and sentence accordingly.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, C.J.

MELNICK, J.

5