IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 79545-7-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| TYLER ROSE, | ) | |
| | ) | |
| | ) | |
| Appellant. | ) | |

PER CURIAM — Tyler Rose appeals the financial obligations imposed as part of his sentence for three counts of possessing a controlled substance. Rose contends the court erred in imposing supervision fees because he is indigent, the fees are not mandatory, and the court expressed its intent to waive all non-mandatory financial obligations. Rose's contention is supported by the record and the decisions in State v. Ramirez[1] and State v. Dillon[2].

Rose also contends the court erred in imposing the DNA collection fee arguing the State failed to carry its burden of demonstrating he had not previously given a DNA sample following earlier felony convictions. The State claims it carried that burden when the prosecutor stated in court, and in a sentencing memorandum, that Rose had not previously provided a DNA sample. But, the prosecutor offered no evidence to

---

[1] 191 Wn.2d 732, 426 P.3d 714 (2018).
[2] 12 Wn. App. 2d 133, 456 P.3d 1199 (2020).

support these unsworn assertions.  Because Rose has prior felony convictions, we presume the State has previously collected his DNA as required, and it is the State's burden to overcome that presumption with proof.[3]

Remanded with directions to strike the supervision fee from the judgment and sentence and to strike the DNA collection fee unless the State provides proof that Rose has not previously provided a DNA sample.

FOR THE COURT:

_Chun, J._

_____

_Leach, J._

---

[3] State v. Houck, 9 Wn. App. 2d 636, 651, 446 P.3d 646 (2019).