# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                   Respondent,<br><br>   v.<br><br>CASEY ALAN GREEN,<br><br>                   Appellant. | No.  53155-1-II<br><br><br><br>UNPUBLISHED OPINION |

GLASGOW, J.—Casey Alan Green appeals his judgment and sentence for convictions of first degree malicious mischief and fourth degree assault. He argues that the trial court imposed an impermissibly vague community custody condition, made a scrivener's error in the judgment and sentence, and improperly ordered interest accrual on nonrestitution legal financial obligations. We disagree that the community custody condition is impermissibly vague, but we remand to the sentencing court to consider modifying the condition as the State suggests, correct the scrivener's error, and correct the interest accrual provision so that it does not apply to Green's nonrestitution legal financial obligations.

## FACTS

Green had a disagreement with his brother about Green's drug use and its impact on Green's daughter. Green shoved his brother and inflicted thousands of dollars of damage to his brother's car. A jury found Green guilty of first degree malicious mischief and fourth degree assault.

The trial court sentenced Green to 90 days confinement on the malicious mischief conviction and 364 days with 274 days suspended for the fourth degree assault charge. The total period of confinement was therefore 90 days. The judgment and sentence denoted the maximum term for fourth degree assault as one year. The trial court imposed community custody conditions including that Green "not use, possess, manufacture or deliver controlled substances without a valid prescription, not associate with those who use, sell, possess, or manufacture controlled substances[,] and submit to random urinalysis at the direction of his/her [community corrections officer] to monitor compliance with this condition." Clerk's Papers (CP) at 23.

Green appeals his judgment and sentence.

## ANALYSIS

### I. COMMUNITY CUSTODY CONDITION

Vague community custody conditions violate due process under the Fourteenth Amendment to the United States Constitution and article I, section 3 of the Washington Constitution. *State v. Irwin*, 191 Wn. App. 644, 652, 364 P.3d 830 (2015). It is an abuse of discretion for a sentencing court to impose an unconstitutionally vague condition. *State v. Hai Minh Nguyen*, 191 Wn.2d 671, 678, 425 P.3d 847 (2018). A community custody condition is unconstitutionally vague if either "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." *State v. Padilla*, 190 Wn.2d 672, 677, 416 P.3d 712 (2018).

We recently concluded that a community custody condition prohibiting a person from associating with "known drug users and sellers" was not unconstitutionally vague. *State v. Houck*,

9 Wn. App. 2d 636, 645, 446 P.3d 646 (2019), *review denied* 194 Wn.2d 1024 (2020). In doing so, we discussed *United States v. Vega*, 545 F.3d 743, 749 (9th Cir. 2008), where the Ninth Circuit evaluated a similar condition and explained that "'incidental contacts—such as those [an offender would] fear he would be punished for inadvertently engaging in—do not constitute association.'" *Houck*, 9 Wn. App. 2d at 644-45 (alteration in original) (internal quotation marks omitted) (quoting *Vega*, 545 F.3d at 746). Moreover, the condition we upheld in *Houck* is arguably less precise than the one at issue here because the *Houck* condition referred to "drug" sellers and users, rather than people who "use, sell, possess, or manufacture controlled substances." CP at 23. Controlled substances are precisely defined by statute. RCW 69.50.101(g). The community custody condition at issue here adequately defines the proscribed conduct, and it does not lend itself to arbitrary enforcement any more than the condition at issue in *Houck* did.[1]

Nevertheless, the State "would not oppose amending the challenged portion of the condition to 'not associate with those *known to illegally* use, sell, possess, or manufacture controlled substances.'" Br. of Resp't at 4-5 (emphasis added). Because the State does not object

---

[1] To the extent Green contests the breadth of the community custody condition, when analyzing whether a community custody condition is overbroad, we have recognized that an offender's constitutional rights during community custody are subject to the infringements authorized under the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW, including crime-related prohibitions. *State v. McKee*, 141 Wn. App. 22, 37, 167 P.3d 575 (2007); *State v. Riles*, 135 Wn.2d 326, 347, 957 P.2d 655 (1998), *abrogated on other grounds by State Valencia*, 169 Wn.2d 782, 239 P.3d 1059 (2010).

Green does not claim that the trial court violated the SRA by imposing a condition that is not crime-related. *See* RCW 9.94A.030(10). Green has not shown that given the circumstances of his crime, it was improper to impose a condition requiring him to avoid association with people who have access to controlled substances for whatever reason, legal or illegal. Green has not argued or established that this condition did not comply with the SRA under the circumstances of this case.

to the amendment of the community custody condition in this case, the trial court may amend the condition on remand as the State suggests.

## II. SCRIVENER'S ERROR

Green also argues that the sentencing court made a scrivener's error in listing the maximum sentence for fourth degree assault as "'1 year.'" Br. of Appellant at 8. The State concedes that this is inaccurate, and we accept the State's concession.

Fourth degree assault is a gross misdemeanor the maximum sentence for which is 364 days. RCW 9A.20.021(2). The proper remedy for a scrivener's error is correction upon remand. *State v. Makekau*, 194 Wn. App. 407, 421, 378 P.3d 577 (2016). We accept the State's concession and direct the trial court to correct the scrivener's error on remand.

## III. INTEREST ACCRUAL

Green also argues, and the State concedes, that the trial court erred by imposing the accrual of interest on his nonrestitution legal financial obligations. We accept the State's concession. In 2018, the legislature amended several statutes addressing legal financial obligations. LAWS OF 2018, ch. 269, § 1. As a result of the amendments, RCW 10.82.090 now prohibits interest from accruing on nonrestitution legal financial obligations.

## CONCLUSION

We remand for the trial court to correct the judgment and sentence and to consider amending the challenged community custody condition as the State suggests. We direct the sentencing court to correct the scrivener's error on the maximum sentence for Green's fourth degree assault conviction and amend the interest accrual provision so that it does not apply to nonrestitution legal financial obligations.

No. 53155-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Maxa, J.

5