**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>     v.<br><br>JOSHUA DEAN MCINTYRE,<br><br>               Appellant. | No. 85161-6-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — Joshua McIntyre appeals his sentence following a remand by this court. On resentencing, the trial court clarified a condition of community custody and eliminated all legal financial obligations other than a $500 victim penalty assessment (VPA). The trial court did not disturb the original ordered restitution payment. McIntyre appeals the imposition of the VPA and seeks a waiver of the interest on the restitution payment. In a statement of additional grounds (SAG), McIntyre challenges the revised community custody condition. We remand to strike the VPA from McIntyre's judgment and sentence but otherwise affirm.

I

After a bench trial, McIntyre was found guilty of third degree rape of a child and second degree rape of a child. McIntyre was sentenced to concurrent terms of 41

months for the third degree rape and 158 months to life for the second degree rape. The trial court imposed the following legal financial obligations (LFO): $500 victim assessment, $200 criminal filing fee, and $100 DNA collection fee. Separately, the trial court ordered restitution in the amount of $253.55 to be paid to the crime victim compensation fund with the court to retain jurisdiction until the restitution was paid in full. The restitution judgment was satisfied on June 10, 2022. Community custody condition 8 required that McIntyre "not date women or form relationships with families who have minor children, as directed by the supervising Community Corrections Officer." McIntyre unsuccessfully appealed and raised multiple issues including challenging community condition 8 as being unrelated to the crime.[1]

McIntyre then filed a timely personal restraint petition and argued that the LFOs for the criminal filing and DNA collection fees should be stricken. McIntyre also argued that community custody condition 8 was unconstitutionally vague. Because the condition "provide[d] no guidance about when routine, friendly interactions between McIntyre and a family slips from a mere passing acquaintance into more," this court agreed with McIntyre. In an unpublished decision, we granted the petition in part and remanded the matter for resentencing to strike or clarify the condition of community custody and to determine whether McIntyre was indigent.[2]  In re Pers. Restraint of McIntyre, No. 81806-6-I, slip op. at 1-2 (Wash. Ct. App. July 19, 2021) (unpublished), https://www.courts.wa.gov/opinions/pdf/818066.pdf.

---

[1] State v. McIntyre, No. 76873-5-I, slip op. at 7-9 (Wash. Ct. App. Feb. 11, 2019) (unpublished), https://www.courts.wa.gov/opinions/pdf/768735opin.pdf.

On remand, the trial court eliminated the LFOs other than the $500 VPA. The court maintained the restitution order. The court also revised and clarified community custody condition 8 as follows:

> 8. Do not date women or form romantic, dating relationships* with women who have minor children as directed by the supervising Community Corrections Officer. *As defined in Appendix 4.3.
>
> . . . .
>
> Appendix 4.3
>
> [H]ere are some of the things that constitute the difference between friendship and dating in the eyes of the Court. If you are with a woman who has minor children, visitation rights, parental rights over minor children, you may not kiss her, you may not hold hands with her, you may not do Eskimo kisses with her, you may not whisper sweet nothings into her ear. You may not be affectionate. To clarify what I mean by that, any form of touching where accompanied by a look, a smile, a wink. You may not give nor get back rubs. Sexual contact is definitely out. I'm pretty sure I don't have to define that. You may not even sit on adjacent barstools and engage in frivolous, flirty conversation. If you are dining at the same table, you may not touch feet under the table. And if you feel one of them touch your feet, you must move your foot. And if that proves to be impracticable, you must get up and find another seat or excuse yourself entirely from the dinner.
>
> Further, while in the company of a woman who has a child, should you feel a warm, maybe tingly, sense of closeness or even suspect that she is feeling such a warm, possibly tingly, feeling of closeness to you, you must leave. And you may not contact her anymore.

McIntyre appeals the resentencing.

## II

## A

McIntyre first argues that the VPA should be stricken. We agree.

In 2023, the legislature added a subsection to RCW 7.68.035 that prohibits courts from imposing the VPA on indigent defendants as defined in RCW 10.01.160(3).

L AWS OF 2023, ch. 449, § 1. We agree with Division Two of this court that recent amendments to statutes governing LFOs apply retroactively to matters pending on direct appeal. State v. Ellis, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

The State does not dispute that McIntyre is indigent and concedes that this matter should be remanded to strike the VPA from McIntyre's judgment and sentence. We accept the State's concession and remand to strike the VPA.

B

McIntyre next argues that this court should remand to the trial court to consider whether to impose interest on the restitution amount under recent amendments to RCW 10.82.090 given that McIntyre is indigent.

Effective January 2023, prior to McIntyre's resentencing, the legislature amended RCW 10.82.090(2) to provide: "the court may elect not to impose interest on any restitution the court orders." Before making such a determination, courts shall inquire into and consider several factors including whether the offender is indigent as defined in RCW 10.01.160(3). RCW 10.82.090(2).

Here, the amendment to RCW 10.82.090 was effective before McIntyre was resentenced on March 30, 2023. McIntyre failed to seek waiver or reduction of interest on restitution under RCW 10.82.090 at the resentencing hearing. An appellate court "may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a); Roberson v. Perez, 156 Wn.2d 33, 39, 123 P.3d 844 (2005). Because McIntyre failed to raise the issue at resentencing, we do not address it.

III

A

In his SAG, McIntyre challenges several conditions of his community custody including condition 8 that was recently clarified on resentencing. We disagree.

We review community custody conditions for an abuse of discretion, and will reverse them only if they are "manifestly unreasonable." State v. Padilla, 190 Wn.2d 672, 677, 416 P.3d 712 (2018). "A trial court abuses its discretion if it imposes an unconstitutional condition." Padilla, 190 Wn.2d at 677. A trial court's discretion to resentence on remand is constrained by the scope of our court's mandate. State v. Kilgore, 167 Wn.2d 28, 42, 216 P.3d 393 (2009).

B

McIntyre argues that the court's revision of community custody condition 8 and clarification in Appendix 4.3 is both vague and not crime related. Because McIntyre is prohibited from raising issues on a second appeal that were or could have been raised on the first appeal, we only address his challenge to community custody condition 8. State v. Mandanas, 163 Wn. App. 712, 716, 262 P.3d 522 (2011). Similarly, because McIntyre already unsuccessfully challenged whether condition 8 was crime related, we only address whether the clarified condition is unconstitutionally vague. State v. Gregory, 192 Wn.2d 1, 29, 427 P.3d 621 (2018).

"A community custody condition is valid if a person of ordinary intelligence can understand what behavior a condition forbids, given the context in which its terms are used." State v. Houck, 9 Wn. App. 2d 636, 643, 446 P.3d 646 (2019) (citing State v. Nguyen, 191 Wn.2d 671, 679, 425 P.3d 847 (2018)). A community custody condition is

unconstitutionally vague if "(1) it does not sufficiently define the proscribed conduct so an ordinary person can understand the prohibition or (2) it does not provide sufficiently ascertainable standards to protect against arbitrary enforcement." Padilla, 190 Wn.2d at 677. However, a condition is not unconstitutionally vague simply because a person cannot predict with complete certainty the exact point at which their actions become prohibited conduct. Padilla, 190 Wn.2d at 677 (citing State v. Sanchez Valencia, 169 Wn.2d 782, 791-92, 239 P.3d 1059 (2010)).

In Nguyen, our Supreme Court concluded a similar community custody condition provided sufficient guidance and was not vague. 191 Wn.2d at 682-83. That condition required a defendant convicted of second degree child molestation to notify her community corrections officer of any "dating relationship" she entered. Nguyen, 191 Wn.2d at 681. The court upheld the condition, explaining "a person of ordinary intelligence can distinguish a 'dating relationship' from other types of relationships," such as being "just friends" or "engag[ing] in a single social activity." Nguyen, 191 Wn.2d at 682.

Here, the revised and clarified condition no longer contains the vague prohibition of "relationships with families" and now specifies that "romantic, dating relationships" are prohibited. The term "dating relationship" is not unconstitutionally vague because an ordinary person is able to distinguish this type of relationship from other types. Nguyen, 191 Wn.2d at 682. Because condition 8 uses the term "dating relationships," the condition is not unconstitutionally vague.

We remand to strike the VPA from McIntyre's judgment and sentence but otherwise affirm.

WE CONCUR:

Mann, J.

Feldman, J.

Hazel, ACJ